IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **METROPOLE TENANTS ASSOCIATION,** *et al.*, | : : : | Case No. 1:10-CV-558 |
| | : | (Judge Michael R. Barrett) |
| **Plaintiffs,** | : : | |
| vs. | : : | |
| **SHAUN DONOVAN,** *et al.*, | : : | |
| **Defendants.** | : | |

## FINAL ORDER APPROVING CLASS ACTION SETTLMENT

This matter is before the Court on the joint motion of Plaintiffs Derwin Tate and the Metropole Tenants Association, through its representatives Derwin Tate, Emmanuel Green, Ed Carter, Frank Dautrich, Michael Glasper, and Gary Jesswein and Defendants Cincinnati Center City Development Corporation, Azeotropic Partners, LLC, The Model Group, Inc., and Brickstone Properties, LLC (collectively, "the Parties") for final approval of the class action settlement between the Parties in this matter. The Court now finds and orders that:

1. The Court previously preliminarily certified a class consisting of all persons who were residents of the Metropole Apartments as of November 3, 2009 ("the Class").

2. The Court also preliminarily approved Derwin Tate, Emmanuel Green, Ed Carter, Frank Dautrich, Michael Glasper, and Gary Jesswein as representatives of the above-defined Class for purposes of settlement only ("Class Representatives").

3. The Court also preliminarily appointed the following as counsel to the Class for purposes of settlement only ("Class Counsel"):

>Terence R. Brennan, Esq.
>THE BRENNAN LAW OFFICE
>30 Garfield Place, Suite 600
>Cincinnati, OH 45202
>
>Jennifer M. Kinsley, Esq.
>SIRKIN KINSLEY & NAZZARINE, CO., LPA
>810 Sycamore Street, 2nd Floor
>Cincinnati, OH 45202

4. The Court also preliminarily found that the settlement set forth in the Rule 23 Class Action Settlement Agreement and the Class Action Settlement Agreement between the Parties was fair, reasonable, adequate, within the range of possible approval, and in the best interests of the class.

5. The Court also preliminarily found that the proposed Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Class Notice") was fair, reasonable, and adequate in all respects for the purpose of notifying the Class of the terms of the proposed settlement, the fairness hearing, and the rights of the Class members with regard to the settlement, and that the Class Notice was the best notice that was practicable under the circumstances.

6. The Court then directed the Class Counsel and the Settlement Administrator established by the Class Action Settlement Agreement to provide the Class Notice to all members of the Class in the manner set forth in the Class Action Settlement Agreement.

7. The Court set September 12, 2011 as the deadline for objections and held a fairness hearing on September 21, 2011 ("Fairness Hearing") to determine whether the proposed settlement was fair, reasonable and adequate, and should be finally approved, and to consider an application by Class Counsel for an award of attorneys' fees, payments to the Class Representatives, and payment of any other expenses related to the settlement.

8. No objections were filed prior to the Fairness Hearing and there were no objections to the settlement at the Fairness Hearing.

9. The Court has considered all of the above, in addition to other filings of the Parties, the Court-administered settlement negotiations, and its knowledge of this case.

10. The Court finds that the requirements of Federal Rule of Civil Procedure 23(a) are satisfied in that: (1) the Class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Class; (3) the claims or defenses of the Class Representatives are typical of the claims or defenses of the Class; and (4) the Class Representatives will fairly and adequately protect the interests of the Settlement Class.

11. The Court finds that the requirements of Rule 23(b)(2) are satisfied in that the Class consists of residents of the Metropole Apartments and Defendants' actions with respect to the redevelopment of the Metropole applied generally to all residents and the relief provided by the Class Action Settlement Agreement is appropriate respecting the Class as a whole.

12. The Class this Court preliminarily certified as a settlement class is hereby finally certified. The issue that the Court is deciding on a class-wide basis is whether the terms of the settlement between the Parties are fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e) and governing law construing that Rule.

13. This Court finds that the Class Notice was implemented in accordance with the terms of this Court's prior order and the Class Action Settlement Agreement. The Court further finds that the Class Notice was simply written and readily understandable and: (i) constituted the best practicable notice, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the Class of the pendency of this action, their claims in this action, their rights to object to the settlement, and to appear at the Fairness Hearing, (iii) was reasonable, adequate and sufficient, and (iv) met all applicable requirements of the Federal Rules of Civil

Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law.

14. The Class Representatives this Court preliminarily certified as a settlement class are hereby finally certified.

15. Class Counsel this Court preliminarily certified as class counsel are hereby finally certified.

16. Class Plaintiffs and Class Counsel have fully and adequately represented the Class for purposes of entering into and implementing the settlement and have satisfied the requirements of Fed. R. Civ. P. 23(a)(4).

17. The terms and provisions of the Class Action Settlement Agreement have been entered into in good faith and are hereby fully and finally adopted and approved as fair, reasonable and adequate as to, and in the best interests of, each of the Parties and the Class, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law.

18. The Parties and their counsel are hereby directed to implement and consummate the Class Action Settlement Agreement according to its terms and provisions.

19. The terms of the Class Action Settlement Agreement and of this Order shall be forever binding on the Class, as well as their heirs, executors, administrators, beneficiaries, predecessors, successors, affiliates, and assigns as to all claims and issues that have or could have been raised in this action.

20. The Plan of Allocation as defined in the Class Action Settlement Agreement is approved as a fair and reasonable method to allocate the Settlement Funds among the Class, and the Parties and settlement administrator are directed to implement and administer the Plan of Allocation in accordance with its terms and provisions.

21. Class Counsel are hereby awarded attorneys' fees in the amount of $7,000, payable from the Settlement Fund as defined in the Class Action Settlement Agreement, which represents 8.75% of the total Settlement Fund provided by the Class Action Settlement Agreement.

22. Each Class Representative shall be entitled to receive $750 from the Settlement Fund as provided in the Class Action Settlement Agreement.

23. This action, and all claims between the Parties and Class herein, are dismissed with prejudice, with each Party to pay its own costs.  Any costs taxable to Plaintiffs may be paid from the Settlement Fund consistent with the Plan of Allocation.

24. Without in any way affecting the finality of this Order, this Court expressly retains exclusive and continuing jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Rule 23 Class Action Settlement Agreement and the Class Action Settlement Agreement and of this Order, and for any other necessary purpose.

SO ORDERED.

Signed on  October 12, 2011

                                           s/ Michael R. Barrett
                                          Michael R. Barrett
                                          United States District Judge